# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| RAUL C. GALAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No. SA-11-CA-0646-XR |
| | ) |
| CHASE BANK USA, N.A., | ) |
| | ) |
| Defendant. | ) |

## ORDER

On this date, the Court considered Raul Galaz's motion for leave to amend his complaint and motion to remand. After careful consideration, the Court grants both motions and remands this case.

### Background

This lawsuit was originally filed in county court at law on May 23, 3011 by Vion Holding LLC, Assignee of Chase Bank USA, N.A. against Defendant Raul C. Galaz. Vion's petition alleged that Chase Bank issued a credit card in Galaz's name, and that Galaz defaulted on the obligation to make payments. Vion, as assignee of Chase Bank, sought to recover the credit card debt from Galaz.

Galaz then filed an answer and a "cross-claim" against Chase Bank USA, N.A. on June 29, 2011. Galaz asserted claims for defamation based on false credit reporting and unreasonable collection efforts, as well as alleged violations of the DTPA and the Texas and Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

Chase was served on July 6. On July 8, the state court judge granted Vion's notice of non-suit, dismissing Vion's claims against Galaz without prejudice. Thus, the only remaining claims were those asserted by Galaz against Chase. Chase timely removed under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1441(c), based on Galaz's assertion of a claim under the FDCPA.

On August 23, 2011, Chase filed a motion to dismiss under Rule 12(b)(6), arguing that

Galaz's state-law claim for defamation is preempted by the Fair Credit Reporting Act ("FCRA"), his FDCPA claim fails because Chase is not a debt collector, his DTPA claim fails because he is not a consumer, and his unreasonable collection efforts, TDCPA, and DTPA claims are barred by limitations. Galaz moved for and received an extension of time to respond until September 29. He did not file a response on that date, but instead filed a motion to remand and a motion for leave to amend his complaint on October 3, 2011. Galaz's motion to remand asserts that no basis exists for federal question jurisdiction because "the only claim that even references a 'federal question' is his inexpertly drafted Federal Fair Debt Collection Act violation." Galaz's motion for leave to amend seeks to "delete any and [all] allegations that could give rise to any federal question jurisdiction" and asserts that "based upon Galaz's new allegation there is no basis for jurisdiction." His proposed amended complaint contains only state-law causes of action for fraud and breach of contract.

In response, Chase states that although Galaz has deleted his claim under the FDCPA, his factual allegations remain regarding Chase's alleged inaccurate reporting of Galaz's credit card accounts, and thus "this matter is governed by the Fair Credit Report Act." Thus, Chase contends, even the allegations in the proposed amended complaint give rise to a federal cause of action. Further, Chase argues that the motion to remand should be denied because federal question jurisdiction existed at the time of removal.

**Analysis**

The Court first considers whether remand is required or is within the Court's discretion. The Court finds that Galaz's petition upon which removal was based clearly asserts a claim under the FDCPA sufficient to establish federal question jurisdiction. It is well settled that a plaintiff's voluntary amendment to a petition after removal to eliminate the federal claim upon which removal was based does not defeat federal jurisdiction. *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985). Thus, this case could have been originally filed in this court, and removal was proper. Accordingly, Galaz's motion to remand based on lack of subject matter jurisdiction is denied.

However, Galaz also seeks to amend his pleading to remove any references to the FDCPA, and thus remove any federal claims. When a plaintiff amends his complaint soon after removal to delete all federal claims, the Court has discretion whether to retain jurisdiction over the remaining

state-law claims (via supplemental jurisdiction) or to remand them to state court. *In re Wilson Industries, Inc.*, 886 F.2d 93, 95 (5th Cir. 1989).

Before turning to this issue, however, the Court must consider Chase's argument that Galaz's claims in his proposed amended complaint, though pleaded as state-law claims only, are nevertheless "preempted and governed by the FCRA" such that they "arise under federal law." Docket no. 18 at 7. If Plaintiff's state-law claims arise under federal law such that they support federal question jurisdiction, they may not be remanded to state court. Ordinarily, determining whether a particular case arises under federal law turns on the "well-pleaded complaint" rule. A plaintiff is master of his complaint and may generally allege only a state-law cause of action even where a federal remedy is also available. One exception to the well-pleaded complaint rule occurs when a federal statute completely preempts the plaintiff's claim. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003). This is because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.*

Thus, complete preemption creates federal question jurisdiction, while ordinary preemption does not. "Ordinary" preemption, also known as "defensive" or "conflict" preemption, "arises when a federal law conflicts with state law, thus providing a federal defense to a state law claim, but does not completely preempt the field of state law so as to transform a state law claim into a federal claim." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 439 (5th Cir. 2003) (en banc); *see also Elam v. Kansas City S. Ry. co.*, 635 F.3d 796, 803 (5th Cir. 2011) ("Defensive preemption does not create federal jurisdiction and simply 'declares the primacy of federal law, regardless of the forum or the claim.'").

Even where complete preemption does not exist, a state-law claim may nevertheless "arise under" federal law if the state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Thus, even though the proposed amended complaint alleges only state-law causes of action, federal question jurisdiction would exist if (and only if): (1) the state-law claims necessarily raise a substantial federal issue or (2) the state-law claims are completely

preempted by federal law. *Id.*

**A. No Complete Preemption**

The Fifth Circuit has stated that in order to establish complete preemption, a defendant must show that: (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is clear Congressional intent that the federal action be exclusive. *Gutierrez v. Flores*, 543 F.3d 248, 252 (5th Cir. 2008). The Fifth Circuit has not decided whether the Fair Credit Reporting Act completely preempts state-law claims. However, many district courts have considered the issue and concluded that complete preemption is lacking.

In *Meisel v. USA Shade & Fabric Structures, Inc.*, 795 F. Supp. 2d 481 (N.D. Tex. 2011), Judge Fish considered whether the plaintiff's state-law claims for libel and slander were completely preempted by the FCRA so as to support removal based on federal question jurisdiction. Judge Fish concluded that section 1681t(b)(1)(F) does not completely preempt all state-law claims against furnishers of credit information, and thus it did not create federal question jurisdiction.

Similarly, Magistrate Judge Johnson of the Southern District concluded in *Fiume Industries, Inc. v. American Exp. Travel Related Services Co ., Inc.*, 2009 WL 4667542, at *3 (S.D. Tex. Dec. 1, 2009), that the FCRA did not completely preempt the plaintiff's state-law defamation claim. Judge Johnson stated she was unable to find "any authority to support a finding that the FCRA satisfies the third prong of the *Gutierrez* [complete preemption] test." *Id.* Judge Johnson cited to several other cases that considered the preemption issue: *Swecker v. Trans Union Corp.*, 31 F. Supp. 2d 536, 539 (E.D. Va. 1998) (FCRA did not completely preempt claims for defamation); *Wells v. Shelter General Ins. Co.*, 217 F. Supp. 2d 744 (S.D. Miss. 2002) (FCRA did not completely preempt claims of conspiracy and negligent misrepresentation against an insurer related to credit-based coverage decisions); *Watkins v. Trans Union LLC*, 118 F. Supp, 2d 1217 (N.D. Ala. 2000) (noting that the legislative history of the FCRA lacked an expression of intent to completely preempt state law causes of action).

The *Watkins* court pointed out that the FCRA establishes concurrent state and federal

jurisdiction over FCRA actions,[1] unlike the LMRA and ERISA, which have been held to completely preempt state law claims.[2] Similarly, the court in *Sherron v. Private Issue by Discover*, 977 F. Supp. 804, 808 (N.D. Miss. 1997), found that "there is nothing in the legislative history or the FCRA itself to establish that Congress intended that state law causes of action such as the Plaintiff's to be removable. Indeed, the plain language of the statute empowers plaintiffs to bring FCRA claims in state court, thereby extending concurrent jurisdiction to the state courts."

Recently, Judge Hoyt of the Southern District of Texas rejected the defendant's complete preemption argument in the context of unfair debt collection, DTPA, slander of credit, and wrongful foreclosure claims. *Ortiz v. National City Home Loan Servs., Inc.*, Civ. A. No. H-09-2033, 2009 WL 3255088, at *3 (S.D. Tex. Sept. 29, 2009). The court noted that, even if the state-law claims were preempted, "[i]t is simply an affirmative defense," not a basis for federal question jurisdiction. *Id.* The Court has located no case finding complete preemption.

Chase contends that Galaz still alleges the same operative facts relative to Chase's alleged inaccurate reporting of Galaz's credit card accounts, and that as a result all of Galaz's claims are preempted by the FCRA and "arise under federal law." But if the FCRA does not completely preempt the state-law claims – and the Court agrees with the overwhelming authority cited herein that it does not – then at most such preemption is an affirmative defense, which belies the conclusion that the state claims "arise under federal law." *See Caterpillar v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now well settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is on the only question truly at

---

[1] "An action to enforce any liability under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction...." 15 U.S.C. § 1681p.

[2] The *Watkins* court also included the following footnote: "Opinions concluding that complete preemption does not apply in the FCRA context are: *Saia v. Universal Card Services*, 2000 WL 863979 (E.D. La.); *Rule v. Ford Receivables*, 36 F.Supp.2d 335 (S.D. W.Va.1999); *Swecker v. Trans Union*, 31 F. Supp. 2d 536 (E.D.Va.1998); *Sherron v. Private Issue By Discover*, 977 F. Supp. 804 (N.D. Miss.1997); *Harper v. TRW, Inc.*, 881 F. Supp. 294 (E.D. Mich.1995); and *Hughes v. Fidelity Bank*, 709 F. Supp. 639 (E.D. Pa.1989)."

issue."). Thus, even if Galaz's claims are in fact preempted by the FCRA, which the Court does not decide, such ordinary preemption does not give rise to federal question jurisdiction.

**B. No Substantial Federal Issue**

As noted, federal question jurisdiction arises where a state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Chase has not demonstrated that the state-law claims otherwise involve a substantial federal question supporting federal question jurisdiction. *See Howery v. Allstate Insurance Co.*, 243 F.3d 912 (5th Cir. 2001) (holding that even though provisions of the federal Fair Credit Reporting Act might inform an inquiry about violations of a state-law deceptive trade practices statute, they were not an element of the state law claim sufficient to create jurisdiction); *Greer v. MAJR Financial Corp.*, 105 F. Supp. 2d 583, 591-92 (S.D. Miss. 2000). Thus, the Court finds that the amended complaint raises only state-law claims over which this Court has supplemental jurisdiction, and does not present federal question jurisdiction.

**C. Discretionary Remand**

Because Galaz has dismissed his federal claim under the FDCPA, his only remaining claims are state-law claims. The Court has discretion, considering the applicable factors, to remand the state-law claims, and the Court now turns to that analysis.[3] In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the supplemental jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining claims. *Carnegie-Mellon Univ. v. Cohill*, 484

---

[3] Chase contends that "[t]he mere fact that Galaz simply removed the FDCPA headings on his cause of action and changes his causes of action to fraud and breach of contract does not authorize remand because these causes of action are not separate and independent from the federal claims that still control the outcome of this matter." Docket no. 18 at 4 (citing *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 105 (5th Cir. 1996)(remand would be an abuse of discretion when causes of action are not separate and independent from the federal claims). However, *Eastus* involved § 1441(c) and is not applicable because no federal claims remain pending. Rather, the governing statute here (as Chase seems to recognize by citing to applicable cases such as *Enochs v. Lampasas County*) is § 1367.

U.S. 343, 350 n.7 (1988). The Fifth Circuit recently reinforced this rule in *Enochs v. Lampasas County,* 641 F.3d 155 (5th Cir. 2011). The Court emphasized that the decision whether to remand is governed by "the statutory factors set forth by 28 U.S.C. § 1367(c), and the common law factors of judicial economy, convenience, fairness, and comity." *Id.* at 158-59. The factors are balanced, and no one factor is dispositive.

The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Based on a cursory review of the briefing on the motion to dismiss, the state claims appear to raise at least some novel or complex issues of state law under the Texas Civil Practice and Remedies Code.[4] The state claims predominate over the federal claims, which have been dismissed. Consistent with the *Enochs* decision, the Court finds that "the heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction." *Enochs*, 641 F.3d at 159.

The common law factors include judicial economy, convenience, fairness, and comity. As in *Enochs*, the first factor weighs in favor of remand: "at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court's consideration of the Texas state law claims (or to any claims)." *Id.* There would be no need for either party to duplicate any research, discovery, briefing, hearings, or other trial preparation work, because very little has been done at this point. *See id.* This is the first time the Court has considered any issues in this case, and, by operation of this Court's local rule, discovery has been stayed by the filing of Chase's motion to dismiss shortly after removal. The Court is not intimately familiar with the Texas law claims presented. *See id.*

Remand would not cause any financial or other inconvenience. Further, it is certainly fair to have "the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would [be] prejudiced by a remand to Texas state court." *Id.* at 160. The state court is equally competent as this Court to decide the preemption defense. *See Center for Restorative*

---

[4] Although there are some court of appeals cases on these issues, no Texas Supreme Court authority is cited.

*Breast Surgery v. Blue Cross Blue Shield*, 2007 WL 1428717 (E.D. La. May 10, 2007) ("concerns of comity would not favor exercising supplemental jurisdiction since the state court, 'being of equal dignity with federal courts, [is] equally competent to address [the] potential [ERISA conflict preemption] defense'"). And if the preemption defense is rejected, the merits of the state-law claims are properly considered by the state court. Comity demands that the "important interests of federalism and comity" be respected by federal courts, which are courts of limited jurisdiction and "not as well equipped for determinations of state law as are state courts." Thus, the convenience, fairness, and comity factors each favor remand, and the overall balance of the common law factors weighs heavily in favor of remand. Any evidence of forum manipulation here is no worse than that considered by the Fifth Circuit in *Enochs* – the fact that the plaintiff moves to amend the complaint to delete the federal claim is "not a particularly egregious form of forum manipulation, if it is manipulation at all." *Enochs*, 641 F.3d at 160.

Thus, based on an analysis of the governing factors, the Court finds that remand is appropriate. Chase cites to *Purcell v. Bank of America*, 659 F.3d 622 (7th Cir. 2011), but that case supports the Court's determination to remand. In that case, the Seventh Circuit noted, after the FCRA claim was dismissed by the district court, that remand to state court is appropriate after the federal portion of a removed suit has been resolved. However, because the district court decided the federal preemption defense instead of remanding the state-law claims, and the Seventh Circuit disagreed with its preemption conclusion, the Seventh Circuit reversed. The Seventh Circuit did not hold that the district court could not exercise its discretion to remand the state-law claims without adjudicating the preemption defense. Further, although Chase argues that remand would be inappropriate because it is asserting a preemption argument, the Fifth Circuit has stated that when considering preemption and remand under § 1367(c) that "it would be odd to allow the mere potential for a federal defense to defeat the discretionary remand of state-law claims to a state court." *Knatt v. Hospital Serv. Dist. No. 1*, 373 Fed. App'x 438, 444 (5th Cir. 2010).

**Conclusion**

The requests for a hearing (docket no. 16 & docket no. 19) are DENIED. Galaz's motion to amend complaint (docket no. 17) is GRANTED. Galaz's motion to remand (docket no. 16) is GRANTED, and this case is REMANDED.

It is so ORDERED.

SIGNED this 21st day of December, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE